*AE* (handwritten)

## IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| **STANLEY HOWARD,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **No. 03 C 8481** |
| | ) |
| **CITY OF CHICAGO, Present and** | ) **Wayne R. Andersen** |
| **Former Chicago Police Officers JOHN** | ) **District Judge** |
| **BYRNE, JAMES LOTITO, RONALD** | ) |
| **BOFFO, DANIEL MCWEENEY,** | ) |
| **JOHN PALADINO and JON BURGE,** | ) |
| **Former Police Superintendents LEROY** | ) |
| **MARTIN and TERRY HILLARD,** | ) |
| **Cook County States Attorney,** | ) |
| **RICHARD DEVINE, Former Assistant** | ) |
| **State's Attorney LAWRENCE** | ) |
| **LYKOWSKI, Assistant State's Attorney** | ) |
| **RANDOLPH JOHNSTON, COOK** | ) |
| **COUNTY, ILLINOIS, COOK** | ) |
| **COUNTY STATE'S ATTORNEY'S** | ) |
| **OFFICE, THOMAS NEEDHAM AND** | ) |
| **GAYLE SHINES.** | ) |
| | |
| **Defendants.** | |

## MEMORANDUM, OPINION AND ORDER

This case is before the Court on the motions of Defendants City of Chicago ("City"),

Richard Devine, Randolph Johnston, Lawrence Lykowski, the Office of the Cook County State's

Attorney, and Cook County (collectively "the State's Attorney Defendants") to dismiss

Plaintiff's Second Amended Complaint. For the following reasons, the City's motion is denied

and the State's Attorney Defendants' motion is granted in part and denied in part.

## BACKGROUND

Plaintiff filed a fifteen-count complaint alleging various federal civil rights and state law claims against the City, several members of the Chicago Police Department, the County, and several members of the Cook County State's Attorneys Office. Plaintiff alleges that he was subjected to physical violence at the hands of the defendant police officers, culminating in his false confession to a murder. Plaintiff alleges that defendant police officers manipulated witnesses in order to suppress supposedly exculpatory information and frame Plaintiff. Defendants moved to dismiss the Complaint and, on October 25, 2004, we entered a comprehensive Opinion granting in part and denying in part the motions to dismiss. In that Opinion, we presented a detailed description of the allegations contained in Plaintiff's complaint.

Plaintiff has filed a Second Amended Complaint adding claims against four new defendants: two former Assistant State's Attorneys, the Cook County State's Attorney's Office, and the County of Cook. Plaintiff alleges that Assistant State's Attorneys Lykowski and Johnston conspired to thwart an investigation into Plaintiff's physical abuse and coerced confession and conspired to cover up the fact that such abuse had, in fact, occurred. Plaintiff alleges that these acts resulted in the suppression of said evidence before, during and after Plaintiff's trial. Plaintiff further alleges that Cook County State's Attorney Devine made defamatory statements during the post-conviction process and worked to suppress exculpatory evidence regarding Plaintiff's alleged torture and the systemic abuse perpetrated by Chicago Police Officers, all of which would have revealed that Plaintiff had been wrongly convicted.

The City of Chicago has moved to dismiss certain allegations seeking to impose municipal liability on the City "by virtue of the supervisory capacity" of Superintendent of Police

2

Leroy Martin. The State's Attorney Defendants have moved to dismiss the claims against the individual State's Attorneys. We will address each of these motions in turn.

## DISCUSSION

For purposes of this motion to dismiss, the Court accepts as true all well pled factual allegations in the complaint and draws all reasonable inferences in favor of the plaintiff. *Cornfield v. Consolidated High School Dist. No. 230,* 991 F.2d 1316, 1324 (7th Cir. 1993). The court is permitted to take judicial notice of matters of public record on a Rule 12(b)(6) motion to dismiss without converting it to one for summary judgment. *Doherty v. City of Chicago,* 75 F.3d 318, 324 (7th Cir. 1996). The court must grant a motion to dismiss, however, when it appears beyond a doubt that plaintiff can provide no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957).

## I. City's Motion

In Counts I, II, III, IV, and V, Plaintiff seeks to impose § 1983 liability against the City "by virtue of the supervisory capacity" of former Superintendent of Police Leroy Martin. The issue before the Court is whether the City can be liable for Martin's actions.

Case law recognizes three ways in which § 1983 liability can be imposed on a municipality: 1) an express policy that causes a constitutional deprivation when enforced; 2) a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well-settled as to constitute a custom or usage with the force of law; or 3) a constitutional injury caused by an individual with final policymaking authority. *See Baskin v. City of Des Plaines,* 138 F.3d 701, 704-05 (7th Cir. 1998).

3

The City contends that it cannot be liable for Defendant Martin's actions because he was not a policymaker with final policymaking authority and cites *Auriemma v. Rice*, 957 F.2d 397 (7th Cir. 1992) in support of its argument. In *Auriemma*, the Seventh Circuit held that there was no scenario under which Plaintiff could demonstrate that Chicago Police Superintendent Rice had been delegated the role of policymaker through custom or usage. *Id.* at 401. The Court reasoned that policy was set by the City's legislative body in passing the rules that governed the Superintendent's conduct, rules which Superintendent Rice was claimed to have violated. *Id.* at 401. Although the Court noted that such violations, if "'systemic in nature' can amount to local policy," it held that Plaintiff effectively had conceded that such was not the case by alleging that Superintendent Rice had departed from ordinary practice. *Id.*

When there is a genuine factual issue regarding whether the municipality has, as a matter of custom, delegated final policymaking authority to the supervisor, a plaintiff should be allowed to obtain discovery on the issue. *See, e.g., Deloughery v. City of Chicago*, 2002 WL 31654942 (N.D. Ill. November 25, 2002). Plaintiff in this case claims that, via custom and practice, the City has delegated to Superintendent Martin final authority to make policy dealing with the alleged deprivations cited. Plaintiff alleges that the alleged violations are so systemic in nature as to amount to a policy. Although we are skeptical about Plaintiff's ability to prove these claims, he is entitled to an opportunity to try at this stage of the litigation. Therefore, the City's motion to dismiss is denied.

II. State's Attorney Defendants' Motion

The State's Attorney Defendants argue for dismissal of Plaintiff's Second Amended Complaint on the grounds that: 1) Plaintiff has failed to state a cognizable cause of action against

4

Defendants Lykowski, Johnston, and Devine in their individual capacities; 2) the claims against the State's Attorneys are barred on the basis of absolute and quasi-judicial immunity; 3) the §1983 and state law claims against the State's Attorney Defendants are barred by sovereign immunity; 4) Plaintiff's claim for indemnification against the County must be dismissed; and 5) the *Monell* claims against the State's Attorneys Office and the official capacity claims against Devine must be dismissed. We will address each of these arguments in turn.

### A. Plaintiff States A Cognizable Claim Against Lykowski And Johnston

Plaintiff alleges that Assistant State's Attorneys Lykowski and Johnston were aware of the alleged torture Plaintiff was subjected to and the false nature of his alleged confession, and took steps to prevent this information from being discovered and presented at trial. As Judge Gottschall held in a related case, evidence of "torture and malfeasance by the Area 2 defendants qualifies as exculpatory under *Brady*" and "knowing suppression of this evidence from prosecutors, judges, and defense counsel while . . . [Plaintiff's] judicial proceedings were ongoing amounts to" a violation of his due process rights. *Patterson v. Burge*, 328 F. Supp. 2d 878, 894 (N.D. Ill. 2004). This knowledge, and the suppression thereof, is exactly what Plaintiff in this case alleges against State's Attorneys Lykowski and Johnston.

While it is uncertain what facts will be unearthed in discovery to support Plaintiff's allegations, there is no dispute that he has sufficiently pled the involvement of these two Defendants in the alleged cover-up and resulting constitutional violation. As a result, at this stage of the proceedings, Plaintiff's claims against Defendants Lykowski and Johnson will be allowed to proceed.

5

### B. Plaintiff States A Cognizable Claim Against Devine In His Individual Capacity

Plaintiff seeks to hold State's Attorney Devine liable even though he was not directly involved in the prosecution of Plaintiff. It is well-settled that "a prosecutor who is not directly involved in the prosecution of a case may be guilty of a *Brady* violation based on his suppression of exculpatory evidence during post-conviction proceedings." *Patterson*, 328 F. Supp. 2d at 893-94, *citing Houston v. Partee*, 978 F.2d 362, 368 (7th Cir. 1992).

In this case, Plaintiff alleges that Devine suppressed exculpatory evidence and made defamatory statements which resulted in the denial of Plaintiff's right to fair post-conviction proceedings. Thus, Plaintiff alleges that Devine possessed and suppressed exculpatory evidence directly relevant to Plaintiff's false conviction. Moreover, Devine's allegedly defamatory statements are likewise a proper basis for Plaintiff's constitutional claims. As Judge Gottschall explained, a "Section 1983 action may lie if the defamation results in the loss of a constitutionally protected interest." *Id.* at 894, citing *Paul v. Davis*, 424 U.S. 693, 709 (1976). In this case, Plaintiff alleges that Devine's allegedly defamatory statements resulted in the denial of his right to fair post-conviction proceedings. Therefore, Plaintiff has stated a valid claim against Devine in his individual capacity.

### C. Absolute And Quasi-Judicial Immunity

Absolute immunity shields prosecutors from damages under § 1983 when they are sued for initiating and prosecuting the state's case. *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). "Immunity does not rest on an individual's status as a prosecutor, but 'is ground in the nature of the functions he was performing in the case.'" *Patterson v. Gurge*, 328 F.Supp.2d 878, 892 (N.D.Ill. 2004) (quoting *Houston v. Partee*, 978 F.2d 362, 366 (7th Cir. 1992)).

The individual State's Attorney Defendants contend that they are absolutely immune from liability for Plaintiff's § 1983 claims by virtue of nothing more than their positions as prosecutors. They rely on *Imbler v. Pachtman*, which provides prosecutors with absolute immunity from suit for actions taken "in initiating a prosecution and in presenting the State's case." 424 U.S. 409, 430 (1976). However, as will be discussed below, because none of the individual Defendants was involved in the initiation of charges or prosecution of Plaintiff, nor are they sued for such actions, absolute and quasi-judicial immunity are unavailable to them.

### 1. Devine Is Not Entitled To Absolute Immunity

Devine's immunity claim fails by his own admission that he had no involvement in the initiation of charges against Plaintiff or his prosecution. Indeed, the two other decisions in the Northern District that have considered the same legal and factual allegations against Devine put forth here by Plaintiff have permitted such claims to go forward: "Devine cannot claim absolute prosecutorial immunity because he did not personally participate in . . . [Plaintiff's] prosecution at trial ... or in any of his post-conviction proceedings." *Patterson*, 328 F. Supp. 2d at 893, *citing Houston*, 978 F.2d at 366; *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993)(prosecutorial acts that do not relate to an advocate's preparation for the initiation of a prosecution or for judicial proceedings are not entitled to absolute immunity); *Orange*, 2005 WL 742641 (permitting the same allegations against Devine as alleged here to go forward without any discussion of absolute immunity).

Indeed, Devine's alleged suppression of exculpatory evidence fits squarely within the Seventh Circuit's decision in *Houston v. Partee*, 978 F.2d 362 (7th Cir. 1992). In *Houston*, prosecutors, including the Cook County State's Attorney, suppressed exculpatory evidence,

7

causing plaintiffs to suffer additional wrongful imprisonment. The Court held such actions, taken by prosecutors not assigned to plaintiffs' prosecution at the time of the suppression, were functionally investigative, rather than prosecutorial, in nature and, therefore, absolute immunity was unavailable:

> When the defendant prosecutors discovered the evidence exculpating [Plaintiffs] Houston and Brown, they were not functioning as prosecutors. [Assistant State's Attorney] Wharrie had already succeeded in obtaining the convictions of [plaintiffs], and the prosecution of [plaintiffs'] appeal had been passed on to others in the State's Attorney's office. The prosecutors' knowledge of and failure to disclose Sumner's original [exculpatory] statements and the three subsequent confessions thus had no connection to their "role as advocate for the state." *Burns*, 111 S. Ct. at 1942; *see also Allen v. Lowder*, 875 F.2d 82, 86 (4th Cir. 1989) (district attorney "cannot seriously argue that his actions resulted from any advocacy role in rehabilitating [the plaintiffs'] conviction" because he "did not himself participate in the presentation of the state's appeal"). Rather, the defendant prosecutors are in the same position as the defendant Chicago police officers: state law enforcement official who, during a large scale investigation ... discovered - and then suppressed - evidence which could have exculpated Houston and Brown.

*Houston*, 978 F.2d at 366-67. *See also Kulwicki v. Dawson*, 969 F.2d 1454 (3d Cir. 1992) (a prosecutor who fabricates a confession after he is no longer involved in the prosecution is not entitled to prosecutorial immunity); *Prince v. Hicks*, 198 F.3d 607 (6th Cir. 1999) (a prosecutor who conducts an inadequate investigation into allegations of criminal misconduct is not entitled to prosecutorial immunity).

Furthermore, the Supreme Court's holding in *Buckley* supports the notion that Devine's alleged false and defamatory statements were not "prosecutorial" in nature and therefore cannot be cloaked by prosecutorial immunity:

> Comments to the media have no functional tie to the judicial process because they are made by a prosecutor. At the press conference, [State's Attorney] Fitzsimmons did not act in "his role as an advocate for the State," *Burns v. Reed*, 500 U.S. at 491, *quoting Imbler v. Pachtman*, 424 U.S. at 431, n.33. The conduct of a press conference does not involve the initiation of a prosecution, the

> presentation of the State's case in court, or actions preparatory for these functions ... [I]n these respects a prosecutor is in no different position than other executive officials who deal with the press, and, as noted, supra, at 268, 277, qualified immunity is the norm for them."

511 U.S. at 277-78. *See also Kulwicki v. Dawson*, 969 F.2d 1454 (3d Cir. 1992); *Marrero v. Hialeh*, 625 F.2d 499, 506 (5th Cir. 1980); *Gobel v. Maricopa County*, 867 F.2d 1201, 1205 (9th Cir. 1989); *England v. Hendricks*, 880 F.2d 281, 285 (10th Cir. 1969); *Marx v. Gumbinner*, 855 F.2d 783, 791 (11th Cir. 1988); *Helstoski v. Goldstein*, 552 F.2d 564 (3d Cir. 1977).

For these reasons, we find that Devine is not entitled to absolute immunity for his actions alleged in the Complaint.

### 2. Defendants Lykowski and Johnston Are Not Entitled To Absolute Immunity

The actions of Assistant State's Attorneys Lykowski and Johnson likewise were not undertaken as a part of activities for which absolute immunity is available. Indeed, the Defendants' brief admits that the "individual SAO [State Attorney's Office] Defendants were neither the felony review assistant state's attorneys, responsible for approving criminal charges against Plaintiff, nor the trial attorneys who sought and won and conviction against Plaintiff in this matter." *See* Defs' Mot. at 4. As discussed above with respect to Devine, this alone is enough to establish that absolute immunity is not available to them.

Plaintiff alleges that these Assistant State's Attorneys covered up the alleged fact of his torture and coerced confession. Other courts that have considered claims regarding a cover-up of torture and false confessions have likewise ruled that the individual Assistant State's Attorney defendants were not protected by absolute immunity. *See Orange*, 2005 WL 742641, at *19 (citations omitted) (Because Orange alleged that a defendant Assistant Cook County State's

9

Attorney was, among other things, complicit in "covering up" his torture and coerced confession, he could not "assert absolute prosecutorial immunity to defeat Orange's complaint" at the motion to dismiss stage); *Patterson*, 328 F. Supp. 2d at 892-93 (rejecting individual Assistant State's Attorney Defendants' claim of absolute immunity for, among other things, plaintiff's allegations that they suppressed evidence regarding his torture and false confession).

Therefore, we find that Assistant State's Attorneys Lykowski and Johnston are not entitled to absolute immunity for their actions described in the Complaint.

### 3. Quasi-Judicial Immunity

The Defendants are likewise unable to avail themselves of quasi-judicial or public official immunity from Plaintiff's state law claims. Quasi-judicial immunity only shields prosecutors from state law liability for claims regarding discretionary actions taken within the scope of their authority and without "malicious motives." *Aboufariss v. City of De Kalb*, 305 Ill. App. 3d 1054, 1064-65 (2nd Dist. 1999). Because Plaintiff has properly pled such malicious motives in this case, quasi-judicial immunity is likewise not available.

For these reasons, this defense has been offered by these Defendants in the related cases and rejected. Specifically, both Judge Holderman and Judge Gottschall have held in the related cases that such immunity to be unavailable at this stage of the proceedings. *See Orange*, 2005 WL 742641, at *19 ("The County defendants are also unable to obtain dismissal of Orange's complaint at this stage in the litigation [on the] basis of quasi-judicial immunity because a consideration of that immunity would also require an evaluation of the factual tasks performed by the County defendants"); *Patterson*, 328 F. Supp. 2d at 901. Therefore, we find that the State's Attorney Defendants are not entitled to quasi-judicial immunity at this stage of the proceedings.

10

### D. Sovereign Immunity

Once again, two Judges in the Northern District of Illinois have considered, and rejected, the State's Attorney Defendants' claims of sovereign immunity with respect to allegations similar to, if not the same as, Plaintiff's state law claims. *See Patterson*, 328 F. Supp. 2d at 887 (citations omitted); *Orange*, 2005 WL 742641, at *18. Plaintiff accuses the State's Attorney Defendants of acting intentionally and maliciously in violation of Illinois state law. These allegations, if proven, would establish that the State's Attorney Defendants acted outside the scope of their authority and participated in actions that deprived Plaintiff of various constitutional rights. Therefore, these defendants are not entitled to sovereign immunity for their actions, and this Court has jurisdiction to hear these claims.

### E. Indemnification Against Cook County

Defendants argument that Cook County is not required to indemnify Plaintiff for his claims against the individual Defendants rests solely on their contention that none of Plaintiff's state law claims will survive. Because we have already ruled that such claims will go forward, Plaintiff's claim for indemnification against Cook County likewise survives. *See Patterson*, 328 F. Supp. 2d at 903 (denying motion to dismiss plaintiff's indemnification claim against the County); *see also Cortez v. Close*, 101 F. Supp. 2d 1013, 1016 (N.D. Ill. 2000).

### F. *Monell* State's Attorneys Office and Official Capacity Claims

Plaintiff does not oppose Defendants' motion to dismiss his *Monell* claims against the Cook County State's Attorney's Office. Moreover, Plaintiff does not oppose Defendants' motion to dismiss his claims against Defendant Devine in his official capacity. Therefore, all of these claims will be dismissed. However, Plaintiff's respondeat superior and indemnification claims

against the Cook County State's Attorney's Office, which is liable for torts committed by its employees, will survive. *See Patterson*, 328 F. Supp. 2d at 903.

## CONCLUSION

For the foregoing reasons, we deny the motion to dismiss Plaintiff's Second Amended Complaint brought by Defendant City of Chicago (# 93). We grant in part and deny in part the motion to dismiss filed by Defendants Richard Devine, Randolph Johnston, Lawrence Lykowski, the Office of the Cook County State's Attorney, and Cook County (# 97). The State's Attorney Defendants' motion is granted as to the Monell claims against the State's Attorneys office and the claims against Defendant Devine in his official capacity. The Motion is denied in all other respects.

It is so ordered.

Wayne R. Andersen
United States District Court

Dated: March 24, 2006