**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted January 14, 2013[*]
Decided January 23, 2013

**Before**

RICHARD A. POSNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

CERTIFIED COPY
A True Copy
Teste:

_____
Deputy Clerk
of the United States
Court of Appeals for the
Seventh Circuit

| | |
|---|---|
| No. 12-1495 | |
| STANLEY HOWARD,<br>*Plaintiff–Appellant,*<br><br>v.<br><br>LAWRENCE LYKOWSKI and<br>RANDOLPH M. JOHNSTON,<br>*Defendants–Appellees.* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division.<br><br>No. 03 C 8481<br><br>Elaine E. Bucklo,<br>*Judge.* |

**O R D E R**

   After serving 16 years on Illinois's death row for murder, Stanley Howard was pardoned in 2003 by Governor George Ryan after the Governor's office concluded that three Chicago police officers had tortured him into falsely confessing to murder. Invoking 42 U.S.C. § 1983, Howard sued the City of Chicago and the officers involved in torturing him,

---

   [*]After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. See FED. R. APP. P. 34(a)(2)(C).

Case: 1:03-cv-08481 Document #: 539 Filed: 02/14/13 Page 2 of 4 PageID #:8747
Case: 12-1495     Document: 00711938084     Filed: 02/14/2013     Pages: 4

No. 12-1495                                                                    Page 2

alleging that they violated his right to due process. Howard settled with the City and officers, but in the meantime he joined as defendants Lawrence Lykowski and Randolph Johnston, two Assistant State's Attorneys. These two prosecutors, Howard acknowledges, did not participate in his trial. He contends nonetheless that they violated his constitutional right to due process by suppressing an investigation that, he believes, would have disclosed in time for his trial exculpatory evidence of the torture.

After the police tortured Howard in 1984, he complained to the City's Office of Professional Standards, which began to investigate his allegations. In this suit, Howard's evidence against Lykowski and Johnston consists of two pieces of evidence from that investigation. The first is a log-book entry written by the investigator who was looking into Howard's torture complaint. This entry, dated July 11, 1985, notes a decision to defer the investigation during the pendency of Howard's trial, purportedly on the request of Lykowski: "Per ASA Laurence Lykowski O.P.S. was requested to defer any further investigation concerning [Howard's allegation] during the court litigation." Nothing further appears in the investigation log until the investigator filed a memorandum dated March 16, 1987. The latter entry is Howard's second piece of evidence. The memo, written by the same investigator, says:

> ASA Randy Johnston telephoned the reporting investigator. [He] informed the reporting investigator that [Howard's allegation of torture] was disposed of in court and the Office of Professional Standards may resume the internal investigation. Reporting investigator was further informed that Mr. Stanley Howard was found guilty of all charges and given a life prison sentence.

In fact, Howard was not convicted until a month later, on April 13, 1987, and he was sentenced to death, not life in prison. But Howard's motion to suppress his torture-induced confession was denied two months before the memo's date, after a hearing during which the three police officers accused of torture were questioned about Howard's allegations. Three months after the investigation resumed, the Office of Professional Standards concluded that the torture charges were "not sustained."

The district court granted summary judgment for Lykowski and Johnston. Over the defendants' hearsay objections, the court assumed the admissibility of the log entry and memo. It concluded, nonetheless, that the evidence was insufficient to establish liability because Howard could only speculate about whether the investigation would have uncovered exculpatory evidence had it not been delayed. Howard also failed, the court reasoned, to establish that either defendant actually had caused the delay, because the prosecutors did not have command authority over the Office of Professional Standards.

No. 12-1495 Page 3

On appeal Howard argues that a reasonable jury could infer from the log-book entry and memo that Lykowski and Johnston had impeded the investigation of his alleged abuse. He argues that had the investigation not been disrupted, it would have uncovered exculpatory evidence of his torture that he could have used during his trial to prevent his wrongful conviction of the murder.

Howard bases his arguments on a theory of due process closely related to the rule from *Brady v. Maryland*, 373 U.S. 83, 87 (1963). *Brady* provides that prosecutors violate a defendant's right to due process in a criminal trial when they fail to disclose all material, exculpatory evidence known to the government. *Id*; see also *Toliver v. Pollard*, 688 F.3d 853, 857 (7th Cir. 2012). Howard's argument relies on the derivative principle that state actors violate a litigant's right to due process if they "conceal or obscure important facts about a crime," like torture, thereby impeding the litigant's access to the courts to redress injuries. *Vasquez v. Hernandez*, 60 F.3d 325, 328 (7th Cir. 1995) (citing *Bell v. City of Milwaukee*, 746 F.2d 1205, 1261 (7th Cir. 1984), *overruled in part on other grounds by Russ v. Watts*, 313 F.3d 783 (7th Cir. 2005)); see also *Cefalu v. Village of Elk Grove*, 211 F.3d 416, 422–23 (7th Cir. 2000); *Harbury v. Deutch*, 244 F.3d 956, 959–60 (D.C. Cir. 2001) (collecting cases). Under this theory, Howard contends that Lykowski's request to abort the investigation and Johnston's belated clearance to resume it violated due process by preventing the discovery of evidence that would have exculpated him at trial.

Even if we assume that the log entry and memo are admissible (and this is a very generous assumption for Howard), they cannot sustain Howard's theory of liability. Howard acknowledges that under *Brady* itself the state has no duty to search for exculpatory evidence. See *United States v. Tadros*, 310 F.3d 999, 1005 (7th Cir. 2002) ("This court has held many times that *Brady* does not require the government to gather information or conduct an investigation on the defendant's behalf."). But Howard's claim fails for a more fundamental reason: Lykowski's and Johnston's interference could not have hindered his ability to bring the torture to the attention of the court, because he, as the victim, already knew about it. See *Sornberger v. City of Knoxville, Ill.*, 434 F.3d 1006, 1028–29 (7th Cir. 2006) (rejecting due-process claim that officers must disclose to defense or prosecution coercive tactics used to obtain a confession); *Cefalu*, 211 F.3d at 423–24 (distinguishing cases in which plaintiffs lack knowledge of facts necessary to file claims from cases in which plaintiffs are also victims of alleged harm and thus know the facts). The defendants therefore did not violate Howard's right to due process by delaying an investigation into conduct already known to him.

Beyond this legal deficiency, Howard cannot overcome another obstacle to recovery: His legal theory requires evidence that the investigation, had the two prosecutors not interfered with it, would have yielded exculpatory information. See *Harris v. Kuba*, 486 F.3d

No. 12-1495 Page 4

1010, 1014–15 (7th Cir. 2007); *Vazquez*, 60 F.3d at 328. But the only evidence in the record on this point is to the contrary. Three months after the investigation resumed, the investigator found *no* evidence of torture. And at the hearing on Howard's motion to suppress his confession, Howard's counsel had access to the three police officers accused of torture. Even after counsel questioned them under oath, the trial judge refused to suppress the confession. Thus, far from containing evidence that an uninterrupted investigation into the torture allegations would have yielded favorable evidence, the record suggests the opposite. Howard's claim that Lykowski and Johnston are personally liable for preventing the discovery of material, exculpatory evidence, thus rests on speculation, which does not create a genuine issue of fact. See *Carroll v. Lynch*, 698 F.3d 561, 565 (7th Cir. 2012); *Argyropoulos v. City of Alton*, 539 F.3d 724, 732 (7th Cir. 2008).

We have considered Howard's other arguments and do not find them persuasive.

**AFFIRMED.**